FILED

Nov. 30, 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **11CR0840** |
| | ) | |
| vs. | ) | Violations: Title 18, United States |
| | ) | Code, Section 1344 |
| BRANCO DOBOBROV | ) | |

JUDGE LEINENWEBER

MAGISTRATE JUDGE COX

COUNT ONE

The SPECIAL SEPTEMBER 2011 GRAND JURY charges:

1.      At times material to the indictment:

        a.      Washington Mutual Bank, F.A., Fifth Third Bank, and Citizens Community Bank were financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation.

        b.      Lenders required applications for mortgage loans to provide truthful information, including the applicant's name, Social Security number, employment, income, assets, liabilities, real estate owned, intention to occupy the property purchased, ownership interests in properties within the preceding three years, outstanding judgments, and prior foreclosures, which information was material to the approval, terms, and funding of loans.

2.      Beginning no later than in or about February 2006, and continuing to at least in or about June 2007, in the Northern District of Illinois, and elsewhere,

BRANCO DOBOBROV,

defendant herein, knowingly devised and participated in a scheme to defraud and to obtain money and funds owned by and under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, and representations, which scheme is further described in the following paragraphs.

3.      It was part of the scheme that, from in or about February 2006 to in or about June 2007, defendant BRANCO DOBOBROV fraudulently obtained in excess of $10 million in mortgage loans, including loans secured by real property located at 3695 Techny Road, Northbrook, Illinois; 3872 Sunset Lane, Northbrook, Illinois; 2540 Queens Way, Northbrook, Illinois; 500 Voltz Road, Northbrook, Illinois; and 400 West Ontario Street, Chicago, Illinois.

4.      It was further part of the scheme that defendant BRANCO DOBOBROV caused materially false representations to be placed in mortgage loan applications and financial statements that were submitted to financial institutions, including false representations regarding defendant's income, assets, liabilities, employment, occupancy, and ownership interests in other properties, so that defendant would falsely appear to be qualified for mortgage loans.

5.      It was further part of the scheme that defendant BRANCO DOBOBROV caused materially false and fictitious documents, including false income tax returns and verification of deposit forms, to be submitted to financial institutions in support of defendant's fraudulent mortgage loan applications, so that defendant would falsely appear to be qualified for mortgage loans.

<u>3695 Techny Road and 3872 Sunset Lane</u>

6.      It was further part of the scheme that, on or about February 9, 2006, defendant BRANCO DOBOBROV submitted and caused the submission of a personal financial statement containing materially false representations to Citizens Community Bank for the purpose of fraudulently obtaining a mortgage loan secured by 3695 Techny Road in Northbrook and 3872 Sunset Lane in Northbrook. As defendant was well aware, the personal financial statement falsely represented that defendant had earned $200,000 in gross salary and $225,000 in bonuses and commissions during the 2005 year when, in fact, defendant had not earned such income or bonuses.

-2-

7.     It was further part of the scheme that, for the purpose of obtaining a mortgage loan from Citizens Community Bank, defendant BRANCO DOBOBROV prepared and caused the preparation of fictitious amended individual income tax returns for 2003 and 2004 that falsely represented that defendant had adjusted gross income of $437,215 in 2003 and $512,632 in 2004.

8.     It was further part of the scheme that defendant BRANCO DOBOBROV submitted and caused the submission of the fictitious amended individual income tax returns to Citizens Community Bank as copies of tax returns on file with the Internal Revenue Service.

9.     It was further part of the scheme that, on or about April 6, 2006, defendant BRANCO DOBOBROV fraudulently caused Citizens Community Bank to approve a loan to defendant for approximately $1,810,000 secured by 3695 Techny Road.

10.    It was further part of the scheme that, on or about August 25, 2006, defendant BRANCO DOBOBROV caused Citizens Community Bank to approve a loan to defendant for approximately $1,988,000 secured by 3872 Sunset Lane.

2540 Queens Way Drive

11.    It was further part of the scheme that, on or about September 20, 2006, defendant BRANCO DOBOBROV submitted and caused the submission of a loan application containing materially false representations to Washington Mutual Bank for the purpose of fraudulently refinancing a loan secured by 2540 Queens Way Drive in Northbrook. As defendant was well aware, the application falsely represented that he earned a base monthly employment income of $70,000 as the president of Kiddy Kap, Inc. and had $300,000 deposited in account xxxxxx5722 at Citizens Community Bank when, in fact, defendant did not earn such income or have such funds deposited in that account at Citizens Community Bank.

12.     It was further part of the scheme that, in support of defendant's application to Washington Mutual Bank, defendant BRANCO DOBOBROV submitted and caused the submission of fraudulent account statements for account number xxxxxx5722 at Citizens Community Bank that had been altered to falsely represent that account number xxxxxx5722 had a balance of $300,000 in or about June 2006 and a balance of $272,921 in or about August 2006.

13.     It was further part of the scheme that, on or about September 20, 2006, defendant BRANCO DOBOBROV caused Washington Mutual Bank to approve a loan to defendant for approximately $779,000 secured by 2540 Queens Way.

14.     It was further part of the scheme that, on or about September 21, 2006, defendant BRANCO DOBOBROV submitted and caused the submission of a loan application containing materially false representations to Fifth Third Bank for a line of credit in the amount of $85,000 secured by 2540 Queens Way Drive. As defendant was well aware, the application falsely represented that defendant earned $875,587 in income when, in fact, defendant did not earn such income.

15.     It was further part of the scheme that, in support of the fraudulent loan application, defendant BRANCO DOBOBROV prepared and caused the preparation of a fictitious individual tax return for 2005 that falsely represented that defendant received business income of $873,027 and had an adjusted gross income of $854,293.

16.     It was further part of the scheme that defendant BRANCO DOBOBROV submitted and caused the submission of the fictitious 2005 tax return to Fifth Third Bank as copies of tax returns on file with the Internal Revenue Service.

17.     It was further part of the scheme that, on or about October 13, 2006, defendant

-4-

BRANCO DOBOBROV caused Fifth Third Bank to approve a loan to defendant for approximately $85,000 secured by 2540 Queens Way Drive.

500 Voltz Road

18.     It was further part of the scheme that, on or about January 9, 2007 and January 31, 2007, defendant BRANCO DOBOBROV submitted and caused the submission of loan applications containing materially false representations to Washington Mutual Bank for the purpose of fraudulently obtaining financing for his purchase of 500 Voltz Road in Northbrook.  As defendant was well aware, the applications falsely represented that defendant earned a monthly base employment income of $189,000 as the president of Kiddy Kap, Inc, that he had $1,463,274 deposited in account number xxxxx8816 at National City Bank, and that he intended to occupy the residence as his primary residence, when, in fact, defendant did not earn such income, have such funds deposited in that account at National City Bank, or intend to occupy the residence as his primary residence.

19.     It was further part of the scheme that, on or about January 31, 2007, defendant caused Washington Mutual Bank to approve a loan to defendant for approximately $3,825,000 secured by 500 Voltz Road.

20.     It was further part of the scheme that, on or about February 13, 2007, defendant BRANCO DOBOBROV caused the submission of a credit application containing materially false representations to Citizens Community Bank for the purpose of fraudulently obtaining a home equity line of credit in the amount of $750,000 to be secured by 500 Voltz Road in Northbrook.  As defendant was well aware, the application falsely represented that he earned a monthly base employment income of $90,000 as the president of Kiddy Kap, Inc. and had $300,000 deposited in

account number xxxxx8816 at National City Bank when, in fact, defendant did not earn such income or have such funds deposited in those accounts at Chase Bank and National City Bank.

21.     It was further part of the scheme that, in connection with the submission of the credit application to Citizens Community Bank, defendant falsely represented that the present mortgage balance on the real property at 500 Voltz Road was $3,800,000, defendant well knowing that the balance of the loans secured by 500 Voltz Road consisted of approximately $3,825,000 owed to Washington Mutual Bank and approximately $1,000,000 to the prior owner of 500 Voltz Road, who had provided defendant with a seller's mortgage as part of the sale of the property to defendant.

22.     It was further part of the scheme that, in support of defendant's fraudulent credit application to Citizens Community Bank, defendant BRANCO DOBOBROV prepared and caused the preparation of a fictitious individual tax return for 2005 that falsely represented that he had an adjusted gross income of $842,650.

23.     It was further part of the scheme that defendant BRANCO DOBOBROV submitted and caused the submission of the fictitious 2005 tax return to Citizens Community Bank as a copy of a tax return on file with the Internal Revenue Service.

24.     It was further part of the scheme that, on or about May 25, 2007, defendant caused Citizens Community Bank to approve a loan to defendant for approximately $365,000 secured by 500 Voltz Road.

### 400 West Ontario Street

25.     It was further part of the scheme that, on or about June 15, 2007, defendant BRANCO DOBOBROV submitted and caused the submission of a loan application containing materially false representations to Washington Mutual Bank for the purpose of fraudulently obtaining financing for

defendant's purchase of a condominium at 400 West Ontario Street in Chicago. As defendant was well aware, the application falsely represented that defendant had monthly base employment income of $90,000 as the president of Kiddy Kap, Inc and that he had $2,157,975 deposited in account number xxxxx8816 at National City Bank when, in fact, defendant did not earn such income or have such funds deposited in that account at National City Bank.

26.     It was further part of the scheme that, in support of defendant's application, defendant BRANCO DOBOBROV prepared and caused the preparation of a fictitious verification of deposit form that falsely reflected that defendant had a current balance of $2,157,974.82 in account number xxxxx8816 at National City Bank when, in fact, defendant did not have such funds on deposit at that account at National City Bank.

27.     It was further part of the scheme that defendant BRANCO DOBOBROV submitted and caused the submission of the fictitious verification of deposit form to Washington Mutual Bank in connection with defendant's application.

28.     It was further part of the scheme that, on or abut June 15, 2007, defendant BRANCO DOBOBROV caused Washington Mutual Bank to approve a loan to defendant for approximately $4,800,000 secured by 400 West Ontario Street.

29.     It was further a part of the scheme that defendant BRANCO DOBOBROV concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

30.     On or about April 6, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRANCO DOBOBROV,

defendant herein, knowingly executed and attempted to execute the above-described scheme to defraud Citizens Community Bank by causing it to fund a mortgage loan in the amount of approximately $1,810,000 secured by 3695 Techny Road in Northbrook, Illinois;

In violation of Title 18, United States Code, Section 1344.

<u>COUNT TWO</u>

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

1.      The allegations of paragraphs 1 through 29 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.      On or about August 25, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRANCO DOBOBROV,

defendant herein, knowingly executed and attempted to execute the above-described scheme to defraud Citizens Community Bank by causing it to fund a mortgage loan in the amount of approximately $1,988,000 secured by 3872 Sunset Lane in Northbrook, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 29 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.    On or about September 20, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

### BRANCO DOBOBROV,

defendant herein, knowingly executed and attempted to execute the above-described scheme to defraud Washington Mutual Bank by causing it to fund a mortgage loan in the amount of approximately $779,000 secured by 2540 Queens Way Drive in Northbrook, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT FOUR

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

1.    The allegations of paragraphs 1 through 29 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.    On or about October 13, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere

### BRANCO DOBOBROV,

defendant herein, knowingly executed and attempted to execute the above-described scheme to defraud Fifth Third  Bank by causing it to fund a mortgage loan in the amount of approximately $85,000 secured by 2540 Queens Way Drive in Northbrook, Illinois;

In violation of Title 18, United States Code, Section 1344.

COUNT FIVE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

1.        The allegations of paragraphs 1 through 29 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.        On or about January 31, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRANCO DOBOBROV,

defendant herein, knowingly executed and attempted to execute the above-described scheme to defraud Washington Mutual Bank by causing it to fund a mortgage loan in the amount of approximately $3,825,000 secured by 500 Voltz Road in Northbrook, Illinois;

In violation of Title 18, United States Code, Section 1344.

-12-

## COUNT SIX

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

1.        The allegations of paragraphs 1 through 29 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.        On or about May 25, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

### BRANCO DOBOBROV,

defendant herein, knowingly executed and attempted to execute the above-described scheme to defraud Citizens Community Bank by causing it to fund a mortgage loan in the amount of approximately $365,000 secured by 500 Voltz Road in Northbrook, Illinois;

In violation of Title 18, United States Code, Section 1344.

COUNT SEVEN

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

1.     The allegations of paragraphs 1 through 29 of Count One of this indictment are realleged as incorporated as though fully set forth here.

2.     On or about June 15, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRANCO DOBOBROV,

defendant herein, knowingly executed and attempted to execute the above-described scheme to defraud Washington Mutual Bank by causing it to fund a mortgage loan in the amount of approximately $4,800,000 secured by 400 West Ontario Street, No. 1801 in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

-14-

FORFEITURE ALLEGATION

The SPECIAL SEPTEMBER 2011 GRAND JURY further alleges:

1.     The allegations of this indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     As a result of his violations of Title 18, United States Code, Section 1344, as alleged in the indictment,

BRANCO DOBOBROV,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title, and interest he may have in any property constituting, and derived from, gross proceeds he obtained directly and indirectly as the result of such violation.

3.     The interests and property of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), include the sum of approximately $13,652,000.

4.     If any of the forfeitable property described above, as a result of any act or omission by the defendant:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without

difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c),

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY