```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

UNITED STATES OF AMERICA         )
                                 )
         Plaintiff               )
                                 )
   vs.                           )    No. 11 CR 0840
                                 )
BRANCO DOBOBROV                  )    Honorable
                                 )    Harry D. Leinenweber
         Defendant               )
```

## MOTION IN LIMINE

Now comes defendant, Branco Dobobrov, by his attorney, Frederick F. Cohn, and moves in limine to exclude certain documents supplied to the defense by the government.

In support hereof it is asserted:

1. The government has submitted to defense counsel numerous pages of documents that the government asserts it intends to introduce into evidence.

2. The government has these documents on a disc. Because of problems of sending documents by efiling, the government should provide a disc with those documents to the Court.

3. The government cannot prior to trial prove matters concerning those documents are in compliance with Federal Rules of Evidence 9.01, 9.02, 10.01, 10.02, 10.03.

## Argument

Background: It would be unfair to the defendant to allow the above-mentioned evidence as admissible based on the circumstances involving the following:

1. JP Morgan took over control of Washington Mutual in 2008. Before that takeover was finalized, Washington Mutual

sent all mortgage and loan documents to a third party company called Lender Processing Services or commonly known as LPS Inc.

In an internal JP Morgan Chase document obtained through discovery from Mr. Rick Young AUSA, the document clearly shows that the defendant's loan documents were sent to LPS for storage.

On December 15, 2011, the Attorney General for the State of Nevada, Catherine Cortez Masto, filed a 39 page complaint against LPS accusing them of engaging in a pattern and practice of deceptive conduct that willfully misled consumers, courts, and the public, resulting in countless foreclosures that were predicated upon false, deceptive, and deficient documents that LPS prepared. The complaint goes on to say that LPS falsified, forged and/or fraudulently executed an unknown number of foreclosure related documents in Nevada and across the country.

2. On April 13, 2011, the United States Senate Permanent Subcommittee on Investigations issued a report and findings of its investigation titled Wall Street and the Financial Crisis: Anatomy of a Financial Collapse.

On page 101, paragraph 3, it states that Washington Mutual Corporate Fraud Investigations (CFI) looked at 13 home loans for further examination for possible fraud. All 13 of those loans were issued in 2007 by the Washington Mutual Westlake Village, CA loan office which was two loan officers,

Chris O'Brien and Brian Minkow. Both Mr. O'Brien and Mr. Minkow submitted loan applications on behalf of the defendant contained in this motion.

CFI reviewed the loans which contained fabricated asset statements, altered statements, and income misrepresentations. CFI then interviewed loan officers, sales associates, and personnel at Washington Mutual Loan Fulfillment Center that processed the Westlake Village loan applications. The Senate report goes on to say that in one egregious example of document "manufacturing" a sales associate confessed that if "it was too late to call the borrower" the "sales associate would take the [bank] statements from other [loan] files and cut and paste the current borrower's name and address" onto the old bank statements.

On page 103 of the Senate report, Senator Coburn asked Mr. Vanasek who was Washington Mutual's Risk Officer, if he thought the type of fraud at the Downey and Montebello Washington Mutual loan offices extended beyond those offices. Mr. Vanasek replied: "Yes, Senator."

3. Amerihome Mortgage was a company that acted as a mortgage broker for the loan relating to the purchase of 500 Voltz Road, Northbrook, IL 60062.

The same Amerihome Mortgage was sued in the United States District Court, Case #08C1089 by First Franklin Financial Corporation.

On page 4 of the complaint, it alleges that Defendant Amerihome Mortgage breached the mortgage broker agreement when they submitted the application to First Franklin that contained false and inaccurate information on the borrower.

On page 5 of the complaint, it alleges that Amerihome Mortgage submitted a loan application to First Franklin that contained false income information among other things.

For the reasons mentioned above, we ask for all the requested evidence to be excluded.

WHEREFORE, it is prayed as above.

> Respectfully submitted,
>
> s/ Frederick F. Cohn
> FREDERICK F. COHN
> Bar Number: 0478954
> Attorney for Defendant,
>  Branco Dobobrov
> 35 E. Wacker Drive
> Suite 1580
> Chicago, Illinois  60601
> 312-641-0692
> Fax No. 312-641-1777
> ffcohn35@att.net

CERTIFICATE OF SERVICE

    I hereby certify that on July 31, 2012, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system which will send notification of such filing to the following:

>    Rick D. Young
>    Assistant United States Attorney
>    219 S. Dearborn Street
>    Suite 500
>    Chicago, Illinois  60604

                                          s/ Frederick F. Cohn
                                          FREDERICK F. COHN