UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 11 CR 0840 |
| | ) | |
| BRANCO DOBOBROV | ) | Honorable |
| | ) | Harry D. Leinenweber |
| Defendant | ) | |

REPLY BRIEF

The government states that they will bring in a custodian from JP Morgan Chase Bank to authenticate the documents. This is not sufficient for the judge to allow these documents because the custodian cannot authenticate these documents. Reason #1 is that the loan originated from Washington Mutual Bank and not JP Morgan Chase Bank. While it is true that JP Morgan Chase eventually succeeded Washington Mutual and took over, the documents changed hands many times and the copies should not be allowed unless they have the original.

In the government's Response, they fail to mention the other documents that defendant is requesting to exclude. The only documents and loans mentioned are those obtained through Washington Mutual. There is no mention of the other documents and the loan from Fifth Third Bank, and the three loans from Citizens Community Bank. Defendant is assuming that the government has no objection to excluding those documents.

In the original Motion In Limine, defendant included documents that defendant felt needed to be excluded. Those

documents include but are not limited to, purported loan documents from Washington Mutual, Fifth Third, and Citizens Community Bank. This includes loan applications, mortgages, notes, and other related documents purportedly signed prior to or at the closings. This includes documents relating to any loan on Property #1) 2540 Queens Way Northbrook, IL 60062, Property #2) 500 Voltz Rd. Northbrook, IL 60062, Property #3) 400 West Ontario #1801 Chicago, IL 60610, Property #4) 3695 Techny Rd. Northbrook, IL 60062, and Property #5) 3872 Sunset Lane Northbrook, IL 60062.

Defendant is also seeking to exclude any bank statements that were not obtained directly from the bank that actually held the accounts in question.

Furthermore, defendant is seeking to exclude all tax return documents not obtained directly from the IRS and any verification of deposit documents from National City Bank.

On page 2 of the government's Response, they claim that two loans were originated through mortgage brokers and the third loan was from a retail branch of Washington Mutual. This is not accurate as the loan for 500 Voltz Road was originated through a broker, AmeriHome Mortgage, and the other two loans (400 West Ontario Street and 2540 Queens Way) were originated from Commercial Financial Corporation through Elite Mortgage. At no time did defendant obtain a loan directly from Washington Mutual.

The government intends to introduce evidence at trial that contains the purported signature of the defendant, Branco Dobobrov. Not one single signature on the loan applications and other related documents is that of Branco Dobobrov. Many documents have a forged signature while other documents have been altered and tampered with. Furthermore, many documents contain a signature purported to be that of Branco Dobobrov, but have been cut and pasted on the document to make it appear as if Branco Dobobrov has actually signed the document when in fact Branco Dobobrov did not sign those documents.

This is consistent with the findings from the U.S. Senate report (attached as Exhibit A) that had admissions of "cutting and pasting borrower's name without borrower's knowledge" from sales associates at the same exact California office of Washington Mutual that processed defendant's loan for 400 West Ontario. This is not speculation. Chris O'Brien and Brian Minkow submitted loan applications for defendant's 400 West Ontario property from that very same California office that admitted to fraud in the U.S. Senate Report. Brian Minkow appeared before the Senate to answer questions regarding the fraud in his office.

They admitted to "cutting and pasting" on documents and it is highly likely that the defendant's documents were fabricated or forged. Mr. Vanasek, who is Washington Mutual's Risk Officer, was asked if the fraud extended to other Washington Mutual offices and he responded "Yes, Senator."

All the defendant's documents were subjected to forgery and fabrication by the sales associates working for Washington Mutual.

Because of these reasons, it is absolutely necessary to exclude any evidence the government intends to use at trial that does not contain an original signature.

The government intends to authenticate these loan records through the testimony of a custodian from Chase Bank who is familiar with the types of records generated and maintained by Washington Mutual and Chase Bank.

ARTICLE IX. AUTHENTICATION AND IDENTIFICATION Rule 901. Requirement of Authentication or Identification (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. (b) Illustrations. By way of illustration only, and not by way of limitation, the following examples of authentication or identification conforming with the requirements of this rule: (1) Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be.

The government cites Rule 901(a) and will have testimony from a custodian of Chase Bank. This will not provide sufficient evidence to support a finding that the matter in question is what its proponent claims.

The government states that they anticipate the custodian from Chase will testify that the records were made at or near the time reflected, the records were kept in the course of a regularly conducted business activity and that records were made as a regular practice. The government also anticipates that the custodian and employee of Chase Bank will testify how the records were maintained and stored by Washington Mutual even though the custodian is employed by Chase Bank and not Washington Mutual.

The testimony of the custodian from Chase Bank and any other witnesses will not be sufficient to establish authenticity of the records. On page 5 of the government's Response, they state Fed. R. Evid. 901(a) The rule requires the proponent of the evidence show that the evidence is what it purports to be as opposed to forgery or fabrication. Without having the original signed documents, there is no testimony from the custodian at Chase Bank or any other witnesses that can clearly provide proof that the purported signatures of the defendant are not forged or fabricated.

The custodian from Chase Bank will testify about how the records were obtained, how they received them after the takeover, and how the records were kept. This anticipated testimony will not be sufficient to authenticate documents that were forged and fabricated. The custodian cannot testify as to how Washington Mutual stored its records and what time the records were made as is the anticipated testimony by the

5

government because the custodian works for Chase Bank and not Washington Mutual. Regardless of the anticipated testimony, that will not be sufficient to authenticate the documents to be used as evidence.

Washington Mutual originated these loans and not Chase Bank. Having an employee from another lending institution (Chase Bank) testify as to whether the documents in question which originated from Washington Mutual have been forged or fabricated is not sufficient according to Rule 901.

Records and loan documents received by Chase Bank after the takeover of Washington Mutual do not authenticate the documents. The proponent of the evidence is not only the government, but the proponents are also the mortgage brokers who received yield spread premiums (YSP) and broker fees of tens of thousands of dollars, title companies, and sales representatives from Washington Mutual who fabricated documents and earned vacations for the loans they pushed through as stated in the U.S. Senate report (attached as Exhibit A).

Mortgage brokers and sales representatives falsified and forged documents for their own benefit of receiving tens of thousands of dollars and rewards such as vacations. The documents that the government intends to use as evidence at trial are not the accurate loan applications provided by the defendant in this case.

The government states that the jury should give weight and probative value to the documents. This cannot happen if the government does not have any documents with an original signature and provides the jury with documents that were fabricated or forged. This would be unfair to the defendant.

Rule 1002. Requirement of Original - To prove the content of writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.

The government has not responded to the fact that a sales associate working on behalf of Brian Minkow (Minkow processed loan for Branco Dobobrov for property 400 West Ontario) admitted under oath at a U.S. Senate Hearing (attached as Exhibit A) that they "cut and pasted" borrower's information on certain documents without the borrower's knowledge. This is not speculation. These are admitted facts taken under oath.

These admissions raise a genuine question as to the authenticity of the documents that the government intends to use at trial.

Rule 1003. Admissibility of Duplicates - A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

The government also cites Rule 1004. Admissibility of Other Evidence of Contents - the original is not required and

7

other evidence of the contents of a writing, recording, or photograph is admissible if (1) Originals lost or destroyed - all originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith.

As previously mentioned, the proponent in this case is not only the government, but the proponents are also the mortgage brokers, sales associates, and lenders who raise a concern that original documents may have been lost or destroyed while acting in bad faith.

This can be proven by the admission of fraud under oath of a Washington Mutual Sales Associate as outlined in Exhibit A and by the accusation of AmeriHome Mortgage (broker for 500 Voltz Road property) from First Franklin (lender) of filing false loan applications (attached as Exhibit B).

In the government's Response page 7, the government claims that it anticipates a witness from Chase Bank to testify that Lender Processing Services, Inc. known as LPS, only provided software to Washington Mutual for generation and storage of documents, but LPS was not actually storing the records for Washington Mutual prior to its takeover by Chase Bank. In a document from Chase Home Finance printed 5/28/10 and message dated 9/15/09 written by Olivia Dirig to Rusmir Causevic and Sarah French, referring to a Washington Mutual Loan by defendant, clearly states "discovery in this case was previously handled by Mark Phelps. After he left WAMU (Washington Mutual), control of this file was handed to LPS."

(Attached as Exhibit C) It does not state software or generation of documents as claimed by the government. It states "file was handed to LPS".

On page 4 of Exhibit C, line 15(a), it states "LPS misrepresented the authenticity, accuracy and validity of legal documents filed with the courts or county recorders and/or transmitted to servicers or consumers in connection with residential foreclosures in Nevada. This misconduct included forged signatures on at least tens of thousands of assignments of mortgage and fraudulently executing affidavits, substitutions of trustee and other mortgage documents in Nevada and across the country.

The key words are "other mortgage documents in Nevada and across the country." The fraud that LPS is accused of does not only apply to assignments of mortgage and lien releases as implied by the government. In fact, LPS is accused of forging mortgage related documents and transmitting them to servicers or in this case, Chase Bank.

Attached as Exhibit D is a news article titled Whistleblowers ignored, punished by lenders, dozens of former employees say.

Page 3 towards the last few paragraphs state that Kerry Killinger blamed borrowers for misleading Washington Mutual about their income. The article goes on to say that many whistleblowers who worked inside the banks counter that it was fraud by the lenders and not the borrowers that was the

driving force that caused the mortgage meltdown. Page 4 goes on to say "It's fraud if someone changes information in a loan file without the borrower's knowledge or does anything deceptive to get a loan approved and passed through."

A two year Senate investigation found that senior management at Washington Mutual ignored clear evidence that bank employees were engaging in fraud. "Top sales managers suspected of fraud were allowed to continue to produce huge volumes of loans and win trips to Hawaii as members of WaMu's President's Club".

The government is trying to use evidence at trial which was fabricated and or forged and cannot possibly be authenticated. No witness can testify when the documents were supposedly signed and no witness can testify that these are the actual documents that were signed at that time. The custodian from Chase Bank cannot provide testimony supporting this because they are employed by Chase Bank and not the originating lender Washington Mutual.

According to Rules 901 and 1002, the evidence requested must be excluded if the government does not have the originals.

The government states that they will attempt to locate originals eventually. This is not sufficient to allow the current documents to be used as evidence at trial.

        Respectfully submitted,


        <u>s/ Frederick F. Cohn</u>
        FREDERICK F. COHN
        Bar Number: 0478954
        Attorney for Defendant,
         Branco Dobobrov
        35 E. Wacker Drive
        Suite 1580
        Chicago, Illinois  60601
        312-641-0692
        Fax No. 312-641-1777
        ffcohn35@att.net

CERTIFICATE OF SERVICE

    I hereby certify that on November 19, 2012, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system which will send notification of such filing to the following:

>Rick D. Young
>Assistant United States Attorney
>219 S. Dearborn Street
>Suite 500
>Chicago, Illinois  60604

                                            s/ Frederick F. Cohn
                                            FREDERICK F. COHN